# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

| | |
|---|---|
| CRYSTAL THOMPSON and MICHAEL THOMPSON,<br><br>    Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>    Defendant. | CIVIL ACTION NO.: 5:18-CV-118 (BAILEY) |

# ORDER GRANTING AS MOULDED
# PLAINTIFF'S MOTION TO COMPEL [22]

On a previous day came the Plaintiff, by and through their counsel, with a Motion to Compel [ECF No. 22]. This matter was referred to the undersigned for consideration by Order of Referral [ECF No. 24]. Accordingly, a hearing was held in this matter on January 31, 2019. After considering the Plaintiff's written Motion and Memorandum in Support [ECF No. 23], the Defendant's Response [ECF No. 29] thereto and Plaintiff's Reply [ECF No. 36], the applicable law and the evidence and argument submitted by the parties during the aforementioned hearing, the Court is satisfied that Plaintiff's Motion should be **GRANTED AS MOULDED** by the Court.

## I.
## FACTUAL/PROCEDURAL HISTORY

This civil action arises out of a partial denial of Plaintiffs' claim for property insurance benefits. Plaintiffs instituted this action in the Circuit Court of Marshall County, WV, but Defendant removed the matter to Federal Court by Defendant. [ECF No. 1.]

On January 23, 2018, Plaintiffs allege that they suffered property damage to their home when a windstorm allegedly caused the roof of the front porch to detach from the main structure and blow backward, across the roof of the main home and land in the above-ground pool in the backyard. Allegedly as a result of this incident, Plaintiffs' front porch roof was destroyed as was the swimming pool. On January 29, 2018, Allstate adjuster Brian Frangipani and "James" from Hancock Roofing inspected Plaintiffs' home. During this inspection, the homeowner, Michael Thompson allegedly advised both Mr. Frangipani and "James" that he was unhappy with how the front porch roof was constructed. At that point, Mr. Frangipani ceased the inspection and advised that an engineer would need to conduct the same to determine whether the damages were due to "shoddy construction". According to Michael Thompson, Mr. Frangipani advised that the engineer would be randomly assigned from a pool of inspectors, as there had been previous allegations of bias against Allstate by their insureds. [ECF No. 23 at 1-2.] Michael Thompson maintains that he did not elicit this information, but that it was voluntarily provided by Mr. Frangipani. [ECF No. 23, Exhibit D.] Nothing in the record contradicts this account.

Allstate retained Donan Engineering to inspect Plaintiffs' home. Scott Wasson was selected by Donan Engineering to conduct the inspection. The inspection occurred on February 5, 2018. In his report dated February 9, 2018, Mr. Wasson opined that inadequate construction caused the porch roof to detach from the structure. Mr. Wasson also opined that the windstorm of January 23, 2018 involved "non-damaging winds." [ECF No. 29 at 3-4.] Though Defendants initially denied Plaintiffs' claim in its entirety, Allstate eventually agreed to cover all damages caused by the errant porch roof but has declined to cover the cost to repair/replace the porch roof itself. [Plaintiffs' Complaint at ¶¶ 12-16.]

Plaintiffs have alleged breach of contract, as well as statutory and common law bad faith. [Plaintiffs' Complaint.] On or about October 30, 2018, Plaintiffs propounded their Second Set of Interrogatories and Requests for Production upon Defendant. [ECF No. 14.] Defendant's answers to Interrogatories 1, 6 and 7, and to Requests for Production 1-5 are at issue in Plaintiffs' Motion to Compel.

## II.
## ARGUMENTS OF THE PARTIES

### A. Plaintiffs' Arguments

Plaintiff maintains that the appropriate rule under which to view this dispute is R. 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff contends that the discovery requests at issue are designed to elicit evidence of potential bias on the part of Donan Engineering and by extension Mr. Wasson. Therefore, Plaintiff argues that Defendant should be compelled to provide more thorough and complete answers to the discover requests at issue. The bias of any witness is always relevant and therefore Defendants should be compelled to provide more thorough and detailed answers to the discovery requests at issue.

### B. Defendant's Arguments

Defendant argues that the discovery requests at issue exceed the scope of permissible discovery under R. 26(b)(4), which is the appropriate rule through which to analyze this dispute because Mr. Wasson has been identified as an expert witness.

Defendant further argues that Plaintiffs' discovery requests are irrelevant because Plaintiffs have not demonstrated that Mr. Wasson's engineering conclusions were incorrect, or that Allstate knew that Mr. Wasson's conclusions were incorrect and should therefore have disregarded them.

Finally, Defendant contends that, even if Plaintiffs' discovery requests are relevant, the discovery requests are not proportional to the issues at stake and the amount in controversy, and that the burden imposed exceeds the likely benefit of the requested information.

## III.
## APPLICABLE LAW

Plaintiffs make the instant Motion pursuant to R. 37 of the Federal Rules of Civil Procedure, which provides that, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." The text of R. 26(b) has also been implicated, which provides in relevant part as follows:

Federal Rule of Civil Procedure 26(b) provides in relevant part as follows:

(1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

\*     \*     \*

(4) *Trial Preparation: Experts.*

\*     \*     \*

(B) *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

(C) *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

(i) relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

# IV.
# DISCUSSION

After considering the parties' written submissions, the applicable law and the Court file, and after considering the arguments made during the January 31, 2019 hearing, the Court is satisfied that the information sought by Plaintiffs is relevant to the issue of bias, does not exceed the scope of permissible discovery pursuant to R. 26, and is not disproportionate to the issues at stake and the amount in controversy.

Initially, the Court notes that, at the conclusion of the January 31, 2019, hearing, Defendant agreed to revisit its answers to any Interrogatory and Request for Production of Documents which sought information related to this particular litigation. The Court's review of the pertinent discovery requests reveals that Interrogatories #6 (in part) and #7, as well as Requests for Production #3 and #4 (in part) were implicated by Defendant's statement. Accordingly, the Court will confine its present ruling to those discovery requests remaining in dispute, which appear to include Plaintiffs' Interrogatory #1, the balance of Interrogatory #6 and Requests for Production #1, #2 and the balance of #4.[1]

Defendant first argues that, because Mr. Wasson has been identified as an expert, discovery related to Mr. Wasson and his employer, Donan Engineering, should be governed by

---

[1] Each of the aforementioned discovery requests are contained within Plaintiffs' Second Set of Interrogatories and Requests for Production, as applicable.

R. 26(b)(4). Because Plaintiffs' discovery requests at issue exceed the scope of R. 26(b)(4), Plaintiffs' Motion should be denied. The Court disagrees.

Mr. Wasson and Donan Engineering are not merely experts in this litigation. They are also part and parcel of the factual backdrop to the Plaintiffs' claims, having been the engineer and engineering firm that conducted the inspection and issued the opinion on which Allstate's denial of coverage was based. Importantly, the opinion/report on which Allstate's denial of coverage is based was issued <u>prior</u> to Plaintiffs initiating this litigation. Accordingly, R. 26(b)(4) is not the only discovery rule applicable to the information sought by Plaintiff. Rather, the Court must also examine Plaintiffs' discovery requests through the lens of R. 26(b)(1).

Relevance is one of the central inquiries of R. 26(b)(1). As the Plaintiffs have correctly pointed out, "[p]roof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *U.S. v. Abel*, 469 U.S. 45, 52, 105 S.Ct. 465, 469 (1984).

Moreover, and contrary to Defendant's argument that the sought-after discovery constitutes a 'fishing expedition,' there is evidence in the record which supports Plaintiffs' discovery requests: Michael Thompson's deposition testimony regarding Mr. Frangipani's statement to Mr. Thompson that the engineer retained to inspect Mr. Thompson's home would be randomly selected. There is also evidence that Mr. Frangipani told Mr. Thompson that Allstate customers had been complaining about Allstate's reliance upon the same engineers to deny customers' claims. Defendant contends that it was Mr. Thompson who first raised the issue of the front porch's improper construction. Indeed, evidence contained in the record seems to support this assertion. However, Defendant's contention and the evidence which supports the

6

same does not discredit the evidence of bias which Plaintiffs have put forth, nor does it render the question of Donan Engineering's alleged bias irrelevant. In fact, there is no evidence which disputes Mr. Thompson's recollection of his aforementioned exchange with Mr. Frangipani.

Defendant next argues that the cost to repair/replace the front porch roof is outweighed by the time, cost and effort it would take Defendant to fulfill Plaintiffs' requests. The Court is not persuaded by this argument. While the cost to repair/replace the porch roof appears to, by all accounts, fall below the threshold for maintaining a civil action in federal court based upon diversity jurisdiction, this dollar amount does not contemplate Plaintiffs' damages should they prevail on the bad faith portion of their case, which could be substantially more than the cost to repair/replace Plaintiffs' front porch roof. Therefore, the Court **FINDS** that the discovery requests at issue are not disproportionate to the issues at stake and the amount in controversy.

Finally, Defendant argues that Plaintiffs must prove that Mr. Wasson's report was incorrect and that Allstate knew it should not rely upon Mr. Wasson's report. Defendant maintains that, because Plaintiffs have failed to do so, they are not entitled to the discovery they seek. The Court is similarly not persuaded by this argument.

The jury is the ultimate finder of fact, as well as the entity charged with making credibility determinations. Therefore, in order for Plaintiffs to have 'proven' that Defendant's expert's opinion was faulty or unreliable, a jury would have to either explicitly or implicitly reject Defendant's expert's opinion. Requiring such a determination before permitting Plaintiffs to conduct the requested discovery is nonsensical and could act as a complete bar to discovery tailored to uncover potential bias of a witness.

Defendant's arguments vis-à-vis Plaintiffs' expert bear out this point. Defendants argue that Plaintiffs' expert is not qualified to give the type of opinion that is necessary here and is not

qualified to refute Mr. Wasson's opinions. However, it is not for the Court to determine which expert's opinion is more credible. Such a determination is in the province of the jury, and, as was stated above, part of a jury's decisional process when confronted with an expert witness, or indeed any witness, is to weigh that witness's testimony against evidence of potential bias. That is exactly the evidence which Plaintiffs are attempting to uncover here. The Court therefore **FINDS** that Plaintiffs are not required to prove that Defendant's expert's opinion was faulty or unreliable before they are permitted to pursue the discovery at issue.

Notwithstanding the above, the Court would note that, after considering Defendant's representations vis-à-vis the amount of effort necessary to compile the information requested and the volume of such information, Plaintiffs' request for information covering a ten (10) year period is too burdensome, both in terms of time and cost, for the Defendant. Rather, the Court believes a more reasonable time period for the discovery requested in Plaintiffs' Interrogatory #1, and Requests for Production #1 and #2 is a period of time covering five (5) years.

## V.
## CONCLUSION

Accordingly, and for all of the foregoing reasons, the Court **FINDS** that the discovery requests at issue are: (1) properly examined pursuant to R. 26(b)(1); (2) are relevant; and (3) are not disproportional to the issues at stake and the amount in controversy. The Court further **FINDS** that a period of five (5) years is an appropriate time period for the requested discovery. Therefore, the Court **GRANTS AS MOULDED** Plaintiff's Motion to Compel [ECF No. 22] as set forth more fully hereinabove.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk of the Court to mail a copy of this Order to any *pro se* Plaintiff by certified mail, return receipt requested, and to counsel of record herein.

Dated: 2/4/19                 /s/ James P. Mazzone
                                        JAMES P. MAZZONE
                                        UNITED STATES MAGISTRATE JUDGE